UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| RENAT YAKUB, | |
|---|---|
| Plaintiff, | Case No. 25-cv-04142-JCS |
| v. | **ORDER RE: 1) MOTION TO RECONSIDER; 2) MOTION TO COMPEL; 3) MOTION TO RECUSE** |
| QATAR AIRWAYS GROUP (Q.C.S.C), | |
| Defendant. | Re: Dkt. Nos. 8, 9, 10 |

## I. INTRODUCTION

Plaintiff is proceeding pro se. He filed the complaint in this action on May 12, 2025, along with an application to proceed in forma pauperis ("IFP Application"). Dkt. nos. 1, 2. He did not file a motion to seal his IFP Application, but the word "confidential" is handwritten on the document. The Court granted the IFP Application based on a finding that Plaintiff is indigent, stating in the Order that issuance of summon would be "determined separately." Dkt. no. 6. Plaintiff has filed a Motion to Reconsider on the Order to Grant IFP Application, dkt. no. 8 ("Motion to Reconsider"), a Motion to Compel to Issue Summons and Seal IFP Application, dkt. no. 9 ("Motion to Compel"), and a Motion to Disqualify Judge For Cause under 28 U.S.C. § 455, dkt. no. 10 ("Motion to Disqualify"). The Court's rulings on these motions are set forth below.

## II. MOTION TO RECONSIDER AND MOTION TO COMPEL

In the Motion to Reconsider and the Motion to Compel, Plaintiff makes two main arguments. First, he contends the Court should have ordered that summons be issued when it granted the IFP Application. Second, he asserts that his IFP application should have been sealed based on the written notation on the document that it was "confidential."

The Court rejects the first argument. In forma pauperis status in federal court is governed by 28 U.S.C. § 1915, which permits federal courts to "authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without

prepayment of fees or security therefor" upon a showing of indigence. 28 U.S.C. § 1915(a)(1). Where the court has authorized a plaintiff to proceed without prepayment of fees, however, it is also subject to a mandatory duty to dismiss the action "at any time" if the court determines that it is "frivolous or malicious[,]" "fails to state a claim on which relief may be granted;" or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Thus, where a court has granted a plaintiff's request to proceed in federal court without prepayment of fees, it must conduct a screening review of the complaint before ordering issuance of summons and service of the complaint.

The undersigned has not yet conducted a review of the complaint under Section 1915(e)(2). Consequently, it has not ordered issuance of summons or service. Because the Court is legally required to conduct a screening review of Plaintiff's complaint before issuing a summons, Plaintiff's argument that the Court should have issued a summons and ordered service when it granted his IFP Application has no merit. To be clear, the Courts does *not* hold herein that Plaintiff's complaint is insufficient or that summons will not, in the future be issued. That determination simply has not yet been made.

Plaintiff also asserts that the Clerk's Office should have sealed his IFP Application based on a handwritten notation on the document and that the Court should now order that document sealed. Requests to seal documents are governed by Civil Local Rule 79-5, which requires, among other things, that a motion to seal be filed at the time the document sought to be sealed is filed. Neither a one-word notation on the document nor an oral request to the Clerk's Office (assuming Plaintiff made such a request) is sufficient. As Plaintiff has now brought a motion to seal his IFP Application, however, the Court finds that there is GOOD CAUSE to seal the application. **Therefore, the Clerk is ordered to place docket no. 2 under seal**.

### III.     MOTION FOR RECUSAL

The Court DENIES Plaintiff's Motion for Recusal. Under 28 U.S.C. § 455(a), "[a]ny justice, judge, or magistrate judge of the United States shall disqualify [themselves] in any proceeding in which [their] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Section 455(b) provides that a justice, judge or magistrate judge should disqualify themself if they

1  have "a personal bias or prejudice concerning a party, or personal knowledge of disputed

2  evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b).

3        Plaintiff believes the undersigned "may not be fair" because Plaintiff's IFP Application

4  was not initially sealed and the Court declined to issue a summons pending review of Plaintiff's

5  complaint under 28 U.S.C. § 1915. "[T]he provisions of § 455(a) & b(1) require recusal only if

6  the bias or prejudice stems from an extrajudicial source and not from conduct or rulings made

7  during the course of the proceeding." *Toth v. Trans World Airlines, Inc.*, 862 F. 2d 1381, 1388

8  (9th Cir. 1988) (citations omitted)). As discussed above, the Court's delay in sealing Plaintiff's

9  IFP Application was because Plaintiff did not follow the civil local rules governing the sealing of

10 documents and its failure to issue a summons at the time the complaint was filed was due to its

11 obligation to follow the statutory requirements under 28 U.S.C. § 1915, including conducting a

12 screening review before a summons is issued and service is ordered. Thus, this conduct does not

13 stem from any extrajudicial source and does not warrant recusal. The Motion to Recuse is

14 DENIED.[1]

15 **IT IS SO ORDERED.**

16 Dated: June 18, 2025

17

18 JOSEPH C. SPERO
United States Magistrate Judge

---

[1] Even if the Motion for Recusal were treated as an affidavit of bias or prejudice under 28 U.S.C. § 144, referral of the Motion for Recusal to another judge on this Court under Civil Local Rule 3-14 is unwarranted because the affidavit is "legally insufficient." *See* Civ.L.R. 3-14 ("Whenever an affidavit of bias or prejudice directed at a Judge of this Court is filed pursuant to 28 U.S.C. § 144, and the Judge has determined not to recuse him or herself and found that the affidavit is neither legally insufficient nor interposed for delay, the Judge shall refer the request for disqualification to the Clerk for random assignment to another Judge."). The Court further finds that where a recusal motion under Section 455 challenges the impartiality of a magistrate judge, that magistrate judge has jurisdiction to decide the motion, regardless of whether the parties have consented under 28 U.S.C. § 636(c)). *See MacNeil v. Americold Corp.*, 735 F. Supp. 32, 35–36 (D. Mass. 1990) (finding that plain words of Section 455 support the conclusion that a magistrate judge who is the subject of a recusal motion under this provision has authority to decide that motion even without consent of the parties).