# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| RENAT YAKUB,<br>      Plaintiff,<br>v.<br>QATAR AIRWAYS GROUP (Q.C.S.C),<br>      Defendant. | Case No. 25-cv-04142-JCS<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO WITHDRAW CONSENT**<br><br>[Re: ECF No. 12] |

Before the Court is Plaintiff Renat Yakub ("Plaintiff"), proceeding *pro se*, motion to withdraw consent to magistrate judge jurisdiction. ECF 12 ("Mot."). For the reasons explained below, the Court DENIES Plaintiff's motion to withdraw consent.

## I. BACKGROUND

In his Complaint, Plaintiff alleges that, on March 28, 2025, he purchased a "economy class ticket on Defendant Qatar Airways ("Defendant") on route SFO-ALA-SFO" for departure date on April 9, 2025 and return date on May 6, 2025 and paid $963.95 for the return ticket. ECF 1 ("Compl.") at 3. Plaintiff alleges that he called Defendant on May 5, 2025, one day before his return date, and paid $592.36 to change his return flight. *Id.* Plaintiff alleges that, on May 7, 2025, when he was checking in for his return flight at ALA airport in Almaty, Kazakhstan, he "found that ticket was cancelled as non-paid" despite his bank "confirmed that payment is valid." *Id.* Plaintiff alleges that he bought a separate ticket on the same day for 757,434 Tenge (about $1466.90) through Turkish Airlines. *Id.* Plaintiff alleges that Defendant violated its Terms & Conditions by cancelling Plaintiff's return ticket. *Id.*

On May 12, 2025, Plaintiff brought this action against Defendant under the Montreal Convention MC99. Compl. at 4. On the same day, Plaintiff filed a motion for leave to proceed *in*

1 *forma pauperis* ("IFP") and submitted a proposed summons. ECF 2, 4. Also on the same day, Plaintiff filed his consent to Magistrate Judge Jurisdiction for all purposes. ECF 5. On May 19, 2025, the Court granted Plaintiff's IFP application and stated that the issuance of summons and service "will be determined separately." ECF 6.

On May 27, 2025, Plaintiff filed a motion to reconsider on the Court's order to grant IFP application ("Motion to Reconsider"). ECF 8. On June 17, 2025, Plaintiff filed a motion to compel to issue summons and to seal his IFP application ("Motion to Compel"). ECF 9. On June 17, 2025, Plaintiff filed a motion to disqualify Judge for cause under 28 U.S.C. § 455 ("Motion to Disqualify"). ECF 10. On June 18, 2025, the Court granted in part and denied in part Plaintiff's Motion for Reconsideration, granted in part and denied in part Plaintiff's Motion to Compel, and denied Plaintiff's Motion to Disqualify Judge. ECF 11. The Court ordered that Plaintiff's IFP application at ECF 2 be placed under seal. *See* ECF 11 at 2. As to Plaintiff's Motion to Disqualify, the Court explained that the Court did not seal Plaintiff's IFP Application because Plaintiff did not follow the civil local rules and that the Court had an obligation to follow the statutory requirements under 28 U.S.C. § 1915 to conduct a screening review before issuing a summons and ordering service. *See* ECF 11 at 3.

On June 23, 2025, Plaintiff filed a motion to withdraw his consent to a magistrate judge. ECF 12 ("Mot"). On June 24, 2025, the magistrate judge referred plaintiff's motion to withdraw consent to the undersigned judge. ECF 13.

**II.  LEGAL STANDARD**

A magistrate judge may conduct all proceedings upon the consent of all the parties in a civil action. 28 U.S.C. § 636(c)(1). "There is no absolute right, in a civil case, to withdraw consent to trial and other proceedings before a magistrate judge." *Dixon v. Ylst*, 990 F.2d 478, 480 (9th Cir. 2003). Federal Rule of Civil Procedure 73(b)(3) provides that only "the district judge may vacate a referral to a magistrate judge." "The court may, for good cause shown on its own motion, or under extraordinary circumstances shown by any party, vacate a reference of a civil matter to a magistrate judge." *Branch v. Umphenour*, 936 F.3d 994, 1001–02 (9th Cir. 2019) (citing 28 U.S.C. § 636(c)(4)).

### III. DISCUSSION

In his motion to withdraw his consent to a magistrate judge, Plaintiff argues that the Court "should issue summons immediately after Plaintiff presented it to the court." Mot. at 2. Plaintiff also argues that the Court "may sua sponte seal" his IFP Application. *Id.* Plaintiff argues that he does not believe the "next hearing will be fair" because his constitutional rights "for [a] fair hearing" under the Fifth Amendment and the Fourteenth Amendment have been violated. *Id.* at 2-3.

The Court finds that Plaintiff has failed to show good cause or extraordinary circumstances that warrant his withdrawal of consent to magistrate judge jurisdiction. Upon reviewing the record, the Court finds that there is nothing unfair about the magistrate judge's decisions. As to Plaintiff's sealing request, Civil Local Rule 79-5(b) provides that a party seeking to seal a document "must file a motion to seal a document at the same time that the party submits the document." The Court notes that the magistrate judge granted Plaintiff's request to seal after Plaintiff properly filed his sealing request. *See* ECF 11 at 2. As to Plaintiff's request to issue summons, as the Court previously explained, when a district court grants *in forma pauperis* status, the court must screen the complaint before it can issue summons and order service. *See* ECF 11 at 1-2; 28 U.S.C. § 1915(e)(2); *see also Lopez v. Smith*, 203 F.3d 1122, 1126-27 & n.7 (9th Cir. 2000) (screening requirement of § 1915(e) applies to all in forma pauperis complaints). Here, the Court has not reviewed the Complaint under § 1915(e)(2) and has not made a determination on whether Plaintiff's complaint is sufficient so that the Court can issue summons and order service. ECF 11 at 2. Accordingly, the Court finds that Plaintiff's request is at best based on his dissatisfaction with the magistrate judge's decision. Plaintiff's dissatisfaction is insufficient. *See Branch v. Umphenour*, 936 F.3d 994, 1004 (9th Cir. 2019) ("Neither mere dissatisfaction with a magistrate judge's decision, nor unadorned accusations that such decisions reflect judicial bias, will suffice" the requirement for withdrawal of magistrate judge jurisdiction).

//
//
//
//

## IV. ORDER

For the foregoing reasons, the Court DENIES Plaintiff's motion to withdraw consent to magistrate judge jurisdiction. The Court returns this case to Judge Joseph C. Spero for further proceedings.

Dated: June 25, 2025

                                          BETH LABSON FREEMAN
                                          United States District Judge