IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENAT YAKUB,<br><br>    Plaintiff,<br><br>v.<br><br>QATAR AIRWAYS GROUP (Q.C.S.C),<br><br>    Defendant. | Case No. 25-cv-04142-CRB<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION; DISMISSING CASE** |

    Plaintiff Renat Yakub sues Defendant Qatar Airways Group for events arising from allegations that Qatar Airways cancelled his return ticket from Almaty, Kazakhstan to San Francisco, California. FAC (dkt. 16) at 3. Yakub asserts various state-law claims—including for unjust enrichment, false advertising, and breach of contract—as well as a claim that could purportedly give rise to federal jurisdiction for violations of the Montreal Convention. Id. at 5–8. Judge Spero screened Yakub's complaint and determined that Yakub failed to state a federal claim under the Montreal Convention. R&R (dkt. 17) at 3–4. As Judge Spero explained, Yakub's claims fail both because "there are no factual allegations to support an inference that the three airlines [on which Yakub flew] regarded themselves as a single operation," which would make them subject to the Montreal Convention, and because Yakub's claim that Qatar Airways canceled his return flight from Almaty is properly construed as a breach of contract rather than a claim for delay under the Montreal Convention. Id. (citing In re Nigeria Charter Flights Cont. Litig., 520 F. Supp. 2d 447, 453 (E.D.N.Y. 2007), and Weiss v. El Al Israel Airlines, Ltd., 433 F. Supp. 2d 361, 367 (S.D.N.Y. 2006)).

    Yakub objects to Judge Spero's report and recommendation, reiterating his belief

that the Montreal Convention applies. Obj. (dkt. 19) at 2. But Yakub does not explain why this is so, and the case law on which Judge Spero relied is persuasive authority that the treaty does not apply to his claim. He expresses concern that even if he were to file a breach of contract complaint in state court, Qatar Airways would remove it to federal court based on his claims under the Montreal Convention. Id. Yet this presupposes that the Montreal Convention applies to his claims in the first place. Yakub also cites Hussman v. Trans World Airlines, Inc., a case in which the Eighth Circuit held that the Warsaw Convention preempted his state-law claims arising out of injuries he sustained after falling on a TWA plane. 169 F.3d 1151, 1152 (8th Cir. 1999). Yakub fails to explain how the Montreal Convention would preempt his state-law claims, though, and multiple courts have rejected similar arguments. See In re Nigeria Charter Flights, 520 F. Supp. 2d at 453; Weiss, 433 F. Supp. 2d at 367.

Accordingly, the Court **ADOPTS** Judge Spero's report and recommendation and **DISMISSES** this action without leave to amend but without prejudice to him re-raising his state-law claims in a court of competent jurisdiction.

**IT IS SO ORDERED.**

Dated: August 19, 2025



CHARLES R. BREYER
United States District Judge